# CENTRAL GLASS COMPANY, LIMITED, vs. THE NIAGARA FIRE INSURANCE COMPANY, OF THE CITY OF NEW YORK.

## Syllabus.

1. Section 3 of Act 168 of 1908, does not apply to policies of insurance issued before the law becomes operative, and, if it so applied, it would be unconstitutional.

2. Unless the clause which fixes a time for the payment of losses is applicable, the penalty imposed by law for failure to make payment within that time cannot as a matter of course be imposed.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 88,266, Hon. G. H. Theard, Judge.

Lazarus, Michel & Lazarus, for plaintiff and appellee.

Caffery, Quintero, Gidiere & Brumby, for defendant and appellant.

C. C. Luzenberg, attorney.

His Honor, JUDGE HORACE L. DUFOUR, rendered the following opinion and decree of the Court, as follows:

Pursuant to Article 101 of the Constitution, we certified to the Supreme Court for instructions as to the proper decision to be made, the following questions of law arising in this cause:

First: Does Act 168 of 1908, Section 3, apply to losses occurring after the law became operative, under policies of insurance issued before the law became operative?

Second: If Section 3 of Act 168 of 1908 does apply to such policies and losses, is said section unconstitutional as impairing the obligation of the following clauses in the contract of insurance:

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided, and, the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of the loss have been received by this company."

"This company shall not be held to have waived any provision or condition of this policy or forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or any examination herein provided for; and the loss not to become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

Third: Under the facts stated, does the constitutional question set forth in the foregoing interrogatory (No. 2), properly arise where, as in this case, the defendant has denied all liability on its policy of insurance immediately upon the happening of the fire; has been furnshed by the insured with proofs of loss in due form to which no exception or objection have been taken; and has made no request for an adjustment of appraisal?

To which, on October 21st, 1912, the Supreme Court made the following answers:

"We answer that Section 3 of Ast 168 of 1908 does not apply to policies of insurance issued before the

law became operative, and that if it so applied it would be unconstitutional.

"And in answer to the third question we say that inasmuch as the demand of plaintiff for those damages and fees is founded not upon any clause in the contract but solely upon the said statute held to be unconstitutional, if applicable, the question of the constitutionality of these statutory provisions necessarily arises. The said statute fixes a time within which the insurance company shall make payment, and imposes the penalty in case payment is not made within the time thus fixed. Unless the clause which thus fixes a time for payment is applicable, the penalty, as a matter of course cannot be imposed; and the said clause is held to be inapplicable to policies issued before its adoption; or to be unconstitutional if applicable."

Note by reporter:

Central Glass Company, Limited, vs. Niagara Insurance Company of New York, 131 La., 513.

In accordance with the foregoing answers we must deny the right of plaintiff to recover the damages and attorney's fees claimed, which is the only question before this Court.

It is therefore ordered, adjudged and decreed that so far as the judgment appealed from condemns defendant to pay plaintiff $240 damages and $300 attorney's fees, it is reversed and plaintiff's demand for such damages and attorney's fees be rejected, plaintiff to pay cost of this appeal.

Opinion and decree, November 25th, 1912.